UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIN FISHER, et al.                                                                    PLAINTIFFS

v.                                    No. 2:19-CV-02034

JASON COOK, et al.                                                                    DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiffs' motion (Doc. 22) for a temporary restraining order and brief (Doc. 23) in support. Separate Defendants Assistant Secretary-Indian Affairs Tara Sweeney, Secretary of the Interior David Bernhardt, and the Bureau of Indian Affairs (collectively, the "Federal Defendants") and the Cherokee Nation have filed responses (Docs. 26 and 28). Plaintiffs have filed a reply (Doc. 32) with leave of Court and a motion (Doc. 33) for a hearing. No response to the motion for hearing is necessary. The motions will be denied.

Plaintiffs filed this action asking the Court to declare that provisions of the Indian Child Welfare Act (ICWA) do not apply to private actions for termination of parental rights and stepparent adoptions, and additionally that applying ICWA in such cases is unconstitutional. Plaintiffs earlier filed petitions in the state courts of Arkansas to terminate Defendant Jason Cook's parental rights to A.C., Plaintiff Erin Fisher's minor child, and allow Plaintiff Richard Fisher to adopt A.C. After the state court determined ICWA would apply to the action because A.C. and Cook, who is A.C.'s biological father, are registered members of the Cherokee Nation, Plaintiffs voluntarily dismissed their petition and brought this action.

Defendant Jason Cook subsequently filed a motion in the state courts of Arkansas seeking to reinstate his visitation rights with A.C. Plaintiffs now ask the Court to enter a temporary restraining order either declaring that ICWA does not require visitation or alternatively preventing

1

Cook from seeking visitation until this Court determines the constitutionality of ICWA.[1]

The Court will not issue a preliminary declaration regarding the applicability of ICWA to visitation proceedings. As the Federal Defendants point out in their brief in response, "[s]uch a declaration would be purely advisory." (Doc. 28, p. 4). A preliminary injunction or temporary restraining order must require or restrain acts by people and may bind only the parties or their "officers, agents, servants, employees, and attorneys," or anyone "in active concert or participation" with those people. Fed. R. Civ. P. 65(d). A general preliminary declaration about what the law is does not specifically bind anyone and such relief is not appropriate under Rule 65.

The Court also will not enjoin Cook from proceeding in state court with his motion to modify his visitation rights with A.C. because doing so impermissibly enlarges the exceptions to the Anti-Injunction Act (AIA). "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[T]hose exceptions, though designed for important purposes, 'are narrow and are not to be enlarged by loose statutory construction.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)).

Contrary to Plaintiffs' argument that there are no ongoing state judicial proceedings, an Arkansas State court has entered a visitation order (Doc. 22-3) explicitly retaining jurisdiction to enter further orders, following the current laws of the State of Arkansas and its longstanding practice. *See* Ark. Code Ann. § 9-19-202(a) ("Except as otherwise provided in § 9-19-204, a court of this state which has made a child-custody determination . . . has exclusive, continuing

---

[1] Because Cook is appearing in this action and has been served with the motion, under Federal Rule of Civil Procedure 65 the Court considers whether a preliminary inunction, rather than a temporary restraining order, should issue.

jurisdiction over the determination . . . ."); Ark. Code Ann. § 9-2-102(2) (including visitation decrees and orders within the definition of "child-custody determination"); *Robbins v. Robbins*, 328 S.W.2d 498, 500 (Ark. 1959) ("As in all child custody cases, the trial court retains jurisdiction to make any change in visitation rights which future circumstances might dictate."). Cook has filed a petition (Doc. 32-1) in that case to resume visitation with A.C., and based on Erin Fisher's affidavits (Docs. 22-1, 32-1) regarding the harm she believes a change to visitation would inflict on A.C., she is likely to contest Cook's petition if this Court does not enjoin the proceedings. Regardless of the parties' hypothetical potential to amicably settle that dispute, there is no question that it will involve "litigation" or "legal controversies" and is exactly the type of judicial proceeding that this Court may not enjoin, absent an AIA exception. *See Roudebush v. Hartke*, 405 U.S. 15, 20–21 (1972) (distinguishing judicial proceedings from a state court's more administrative or pro forma duties).

No AIA exception is present here. Plaintiffs have not identified an express Congressional authorization for an injunction; whatever jurisdiction lies in this Court will not be divested by any activity in state visitation proceedings; and no judgment has yet been entered in this case. The Court cannot enjoin Cook's state court visitation proceedings.

Plaintiffs' argument in their reply brief that a preliminary injunction from this Court need not stop state court proceedings to enforce visitation but only enjoin any actual visitation allowed by those proceedings is unworthy of substantial analysis at this time, except to say that Cook currently does not have any visitation rights with A.C. (Doc. 32-1, p. 1). Until an order from some other court allows such visitation to occur, then regardless of whether the other factors to be considered might weigh in favor of injunction, any harm from visitation is entirely too speculative for the threat of irreparable harm to outweigh those factors.

IT IS THEREFORE ORDERED that Plaintiffs' motions (Docs. 22, 33) are DENIED.

IT IS SO ORDERED this 24th day of April, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE